**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                No. 97-4719

WILLIAM HORACE JOHNSON, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-96-178-5-BO)

Submitted: November 17, 1998

Decided: December 4, 1998

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Edwin C. Walker,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. John Samuel Bowler, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

William Horace Johnson was convicted following his guilty plea to one count of making threatening telephone calls for the purpose of extorting money. On appeal, Johnson's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that the district court erred by denying Johnson's motion for a downward departure based on diminished capacity pursuant to USSG § 5K2.13.* Johnson has also filed a pro se supplemental brief in which he appears to allege that his counsel rendered ineffective assistance, that he is the victim of a conspiracy, and that his guilty plea was involuntary. Finding no reversible error, we affirm.

From 1990-96, Johnson made approximately 2000 telephone calls to individuals at places he had been fired from and to others he felt had wronged him in some way. During these calls, Johnson threatened to physically harm people unless he was paid monetary damages. In support of his motion for a downward departure, Johnson presented psychiatric reports stating that he suffered from various personality disorders, including paranoia.

A district court's decision not to grant a downward departure is not reviewable on appeal unless the court erroneously believed that it lacked the authority to depart. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). Under the Guidelines, a downward departure is authorized "[i]f the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants." USSG § 5K2.13. Contrary to Johnson's assertions, we find that the district court recognized its authority to depart but declined to do so under the facts of this case.

We find Johnson's reliance on United States v. Weddle, 30 F.3d 532 (4th Cir. 1994), misplaced. In Weddle, this court held that offenses satisfying the definition of a "crime of violence" found in

_____

*U.S. Sentencing Guidelines Manual (1995).

2

USSG § 4B1.1 (the career offender Guideline) may still be considered "non-violent offenses" under § 5K2.13. See Weddle, 30 F.3d at 537-40. Instead of dictating a strict, mechanistic approach to this issue, we have held that "when applying § 5K2.13 the sentencing court should make a fact-specific investigation of the offense to determine whether it was non-violent." United States v. Morin , 124 F.3d 649, 653 (4th Cir. 1997). In the present case, the district court made the factual determination that the offenses in question were violent. The court also determined that Johnson failed to show that he suffered from a "significantly reduced mental capacity." Since the district court recognized its authority to depart, its decision to deny the motion for a downward departure is not reviewable.

We find that the claims Johnson raises in his pro se supplemental brief are unsupported by the record. Moreover, we only review claims of ineffective assistance of counsel on direct appeal when the ineffectiveness "conclusively appears" on the record, and we find no such evidence here. See United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995).

We have examined the entire record in this case in accordance with the requirements of Anders and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We therefore affirm Johnson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3